UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN J. RODVOLD, ) | CASE NO. 3:14 CV 2007 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| ALAN LAZAROFF, ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on the Report & Recommendation of Magistrate Judge William H. Baughman, Jr. ("R & R"). (**Doc #: 19**.) The Magistrate Judge recommends that the Court dismiss in part and deny in part the claims raised in the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Steven J. Rodvold ("Petition"). (**Doc #: 1**.) The Court has reviewed the Petition, the R & R, Petitioner's Objections (**Doc #: 20**) and the record, and is prepared to issue a ruling.

**I.**

Petitioner Steven Rodvold was convicted by a state court jury of murder with a gun specification resulting in an aggregate prison sentence of 18 years to life. He now raises three grounds for relief: ineffective assistance of trial counsel (Ground One), denial of a fair trial (Ground Two), and ineffective assistance of appellate counsel (Ground Three). The Magistrate Judge has issued a thorough, 38-page R & R recommending that the Court dismiss Grounds One and Three because they are procedurally defaulted, and deny Ground Two on the merits.[1]

---

[1] The record shows that Petitioner never filed a traverse, despite the lapse of 10 months after he filed a notice of expansion of the record. (Doc #: 18.)

Petitioner has filed the following Objections:

This Petitioner read the decision and saw that no attempt to read His Petition was made! Proof in that it was a poor copy of the prosecuters own! No such individual as "BENNY" was in this case. "BERNIE" however was. And to state that NO weapon was found on the Decesied is stateing that All Ohio Inmates should now be able to purcase Pocket knives now. (Or simmilar) . . . .The Only Question The Petitioner has strived to answer through the legal prosses is: "WHAT SHOULD I HAVE DONE"? Not what does the state feel it can exploit. . . . Every crime has a moral "DON'T DO THIS"! So? Carrying a weapon when argueing wi Family? or Yelling at but not threating and "scareing" State employees who were allegidly there to help?
Debt is a great motive too! Unfortanatly for the state the Decesised and The State itself were the only ones Who were in any kind of position to gain from this terrible event.
The Petitioner proved beyond any doubt that Councel checked very few sources and less the ones specificly mentioned by Him in writeing even though They came forward themselves.

(Doc #: 20.) That's it.

Aside from the fact that Petitioner's Objections are nearly incomprehensible, nowhere in his objections does he point to a specific legal or factual error that the Magistrate Judge made, other than a spelling error, in the R & R. Rather, he continues to argue his defense to the jury, which time has long passed.

In *Thomas v. Arn*, the United States Supreme Court explained that

[t]he Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy. The filing of objections to a magistrate's report enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute. The Sixth Circuit's rule, by precluding appellate review of any issues not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources.

-2-

474 U.S. 140, 147-48 (1985). This principle applies squarely to Petitioner's Objections, which are simply unresponsive to the R & R.

After a thorough review of the record, the Court concludes that the Magistrate Judge accurately summarized the facts and applied the correct legal principles.

## II.

Accordingly, the Court **OVERRULES** the Objections (**Doc #: 20**), **ADOPTS** the R & R in its entirety, (**Doc #: 19**), **DISMISSES** Grounds One and Three as procedurally defaulted and **DENIES** the claim asserted in Ground Two on the merits (**Doc #: 1**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    February 26, 2016*
**Dan Aaron Polster**
**United States District Judge**